# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MAURICE PATTEN,<br><br>Defendant. | Case No. CR12-1018<br><br>ORDER FOR PRETRIAL DETENTION |

On the 23rd day of August, 2012, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Daniel C. Tvedt. The Defendant appeared personally and was represented by attorney JoAnne Lilledahl.

## I. RELEVANT FACTS AND PROCEEDINGS

On August 15, 2012, Defendant Maurice Patten was charged by Indictment (docket number 2) with the intent to distribute a detectable amount of crack cocaine within 1,000 feet of a school (Count 1) and being a felon in possession of a firearm (Count 2). At the arraignment on August 21, 2012, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on October 22, 2012.

At the hearing, Dubuque Drug Task Force Officer Ryan Kremer testified regarding the circumstances underlying the instant charges. In May 2012, the Dubuque Drug Task Force received information involving the sale of drugs at a residence in Dubuque, Iowa. Law enforcement conducted a trash-rip at the residence and found plastic baggies with the corners removed. Kremer testified that the baggies were consistent with packaging for drug distribution.

Law enforcement obtained a search warrant for the residence. On May 24, 2012, law enforcement executed the search warrant on the residence. Officers met Defendant exiting the residence, and he told the officers that 5 "8-balls" of crack cocaine were located in the kitchen. Upon searching, law enforcement found the 5 "8-balls" of crack cocaine in the kitchen, where Defendant told them they were located. The officers also found three small packages of crack cocaine in the kitchen near a microwave. Additionally, law enforcement found approximately $1600 in cash on top of a dresser in an upstairs bedroom. Lastly, law enforcement found a loaded .45 caliber revolver between two mattresses in an upstairs bedroom. Defendant admitted purchasing the firearm a few months earlier.

According to the pretrial services report, Defendant is 31 years old. He was born and raised in Chicago, Illinois. He moved to Dubuque, Iowa, about four years ago. He was recently married about two months ago, and has a three-month-old child with his wife. He also has a nine-year-old child from a prior relationship.

Defendant is currently unemployed. He last worked in housekeeping at a Dubuque hotel from June 2010 to July 2011. Defendant also told the pretrial services officer that he has been self-employed as a barber for approximately nine years. Defendant recently enrolled in classes to earn his GED. Except for some problems with his right knee, Defendant is in good physical health. He reports no present or past mental or emotional health concerns. Defendant denied ever abusing alcohol, but reported using marijuana on weekends from age 19 until his last use in June 2012.[1]

Defendant has an extensive criminal record. In December 1997, Defendant was charged with unlawful damage to a vehicle. The charge was stricken from the docket with leave to reinstate. In February 1998, Defendant was charged and later convicted of manufacture/delivery of a controlled substance. While the manufacture/delivery charge was pending, Defendant was arrested for possession of a controlled substance on two

---

[1] Interestingly, Defendant continued to use marijuana while on pretrial release for charges pending in state court, which are also the basis for the instant federal charges.

2

separate occasions. Both possession cases were later dismissed. Defendant was sentenced on the manufacture/delivery charge in February 1999. He was given two years probation. In July 1999, while on probation, Defendant was charged with possession of marijuana. The disposition of that charge is unknown.

On September 27, 1999, while on probation, Defendant was charged and later convicted of manufacture/delivery of cocaine analog. On December 2, 1999, while on probation and while the manufacture/delivery of cocaine analog charge remained pending, Defendant was charged and later convicted of manufacture/delivery of a controlled substance. In January 2000, Defendant was sentenced to 4 years in prison on both manufacture/delivery charges.[2] Defendant was paroled on June 29, 2000.

On February 24, 2001, while on parole, Defendant was charged and later convicted of possession of cocaine. On May 7, 2011, he was sentenced to 2 years in prison. His parole on both 1999 manufacture/delivery charges was revoked on May 11, 2001. On August 24, 2001, Defendant was paroled on both 1999 manufacture/delivery charges and the 2001 possession of cocaine charge. His parole, however, was revoked on November 14, 2001. He was paroled again on December 7, 2001, and discharged from parole on September 11, 2002.

In January 2002, while on parole, Defendant was charged with gambling. That charge was stricken from the docket with leave to reinstate. In February 2002, also while on parole, Defendant was charged with criminal trespass to vehicle. The disposition of that charge is unknown.

On November 1, 2002, Defendant was charged with criminal trespass to vehicle. The disposition of that charge is unknown. On March 2, 2003, Defendant was charged and later convicted of violation of bail bond. In 2003, while the violation of bail bond charge was pending, Defendant was arrested on separate occasions for soliciting an unlawful business (twice), possession of marijuana (three times), and criminal trespass to

---

[2] Defendant's probation in the 1998 manufacture/delivery of a controlled substance charge was also terminated unsatisfactory.

a vehicle. Except for one of the possession of marijuana charges, where bond was forfeited and the case was closed, the disposition of all the other charges is unknown. Defendant was sentenced on the violation of bail bond charge on October 8, 2004. He was sentenced to 2 years in prison. He was paroled on December 13, 2004.

On May 29, 2005, while on parole, Defendant was charged with soliciting an unlawful business. The disposition of that charge is unknown. On June 5, 2005, while on parole, Defendant was charged and later convicted of possession of a controlled substance. On July 8, 2005, while on parole and while the possession of a controlled substance charge was pending, Defendant was charged with soliciting an unlawful business. The disposition of that charge is unknown. On November 22, 2005, Defendant was sentenced to 5 years in prison on the possession of a controlled substance charge. At some point, he was paroled, but his parole was later revoked in May 2006. He was paroled again on August 22, 2008. On December 9, 2008, while on parole, Defendant was charged with criminal trespass to vehicle. That charge was stricken from the docket with leave to reinstate. Defendant was discharged from parole on August 22, 2009.

On February 6, 2010, Defendant was charged in Jo Daviess County, Illinois, with driving on a revoked license. On February 17, 2010, Defendant was charged with driving on a suspended license, again in Jo Daviess county. In both charges, Defendant failed to appear for plea hearings. Arrest warrants were issued and judgment entered in absentia on both charges. On April 23, 2012, the arrest warrants were served, but Defendant was later released on bond. He again failed to appear for hearings in those charges, and new arrest warrants were issued. Those warrants remain active.

In July 2011, Defendant was charged and later convicted of disorderly conduct. He was sentenced to 30 days in jail, and given 2 years probation. In April 2012, while on probation, Defendant was charged with driving on a revoked license for a third time in Jo Daviess county. On May 24, 2012, while on probation, Defendant was charged in state court with three separate counts of a controlled substance violation, possession of a firearm

4

as a felon, and second degree theft. The charges remain pending in state court. The instant federal charges stem from the events underlying these state charges.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial

officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose

a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with the intent to distribute a detectable amount of crack cocaine within 1,000 feet of a school and being a felon in possession of a firearm. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C) and (E).

Regarding the second step, pursuant to § 3142(e)(3)(A), there is a rebuttable presumption in favor of detention. The evidence against Defendant is strong. Based on information regarding the sale of drugs from Defendant's residence, law enforcement performed a trash-rip at Defendant's residence, and found baggies which were consistent with packaging for the sale of drugs. Law enforcement obtained a search warrant for Defendant's residence, and found 5 "8-balls" of crack cocaine and three smaller bags of crack cocaine in Defendant's kitchen. With regard to the firearm charge, it is uncontested that Defendant is a convicted felon. During the search of Defendant's residence, a firearm was found between two mattresses in an upstairs bedroom. Defendant admitted purchasing the firearm a few months prior to the search.

As a general proposition, the distribution of drugs combined with the possession of a firearm constitutes a general danger to the community. Defendant has an extensive criminal record, including multiple convictions involving the possession, manufacture, and/or distribution of drugs. Of particular concern to the Court, is Defendant's history of failing to follow the conditions of supervision while on pretrial release, probation, and parole. Defendant's parole has been revoked at least four times. Defendant has also committed numerous offenses while on pretrial release, probation, and parole. The instant charges were committed while Defendant was on probation. Additionally, Defendant has

7

history of failing to appear for court proceedings. Accordingly, the Court finds that there is no condition or combination of conditions that would assure Defendant's appearance for court proceedings or the safety of the community if Defendant is released. Therefore, based on the serious nature and circumstances of the offense, Defendant's criminal history, including multiple drug convictions, Defendant's history of committing offenses while on pretrial release, probation, and parole, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (August 21, 2012) to the filing of this Ruling (August 24, 2012) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 24th day of August, 2012.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA